1  GLOBAL CAPITAL LAW, PC
   GARY HARRE, ESQ. (86398)
2  DIANE BEALL, ESQ. (86877)
   BARRY FAGAN, ESQ. (160104)
3
   17612 BEACH BLVD., STE 8
4  HUNTINGTON BEACH, CA 92647
   PHONE (714) 907-4182
5  FAX     (714) 907-4175
   EMAIL: GHCMECF@GMAIL.COM
6
   ATTORNEY FOR DEBTOR, JAMES GIBBS
7
8              **UNITED STATES BANKRUPTCY COURT**
                **EASTERN DISTRICT OF CALIFORNIA**
9                       **FRESNO DIVISION**

10

11  In re                          ) **Case No.  10-64039-A**
                                    )
12        JAMES GIBBS               )
                                    ) **DEBTOR'S OBJECTION TO MOTION FOR**
13                                  ) **RELIEF FROM THE AUTOMATIC STAY BY**
                                    ) **JPMORGAN CHASE BANK, NATIONAL**
14                                  ) **ASSOCIATION; MEMORANDUM IN**
                                    ) **SUPPORT OF OPPOSITION.**
15                                  )
                                    ) **DATE:  FEBRUARY 15, 2011**
16                                  ) **TIME:  1:30 PM**
                                    ) **DEPT:  11**
17                                  )
                                    ) 2500 Tulare Street
18                                  ) Fresno, CA 93721-1318
                                    )
19  _____)

20        Debtor James Gibbs, by and through his counsels, submit this Memorandum in Support

21  of their opposition to JPMorgan Chase Bank, National Association ("JPMC" or "Movant")

22  motion for relief from the automatic stay.

23                            <u>**SUMMARY**</u>

24        JPMC claims that it has a security interest in the Debtor property which arises from a

25  Promissory Note and Deed of Trust dated 01/20/2005 through the Purchase and Assumption

26  Agreement between the FDIC as receiver of WAMU and Chase dated 09/25/2008.

27  Unauthenticated copy of said Promissory Note is attached to Movant's Motion for Relief from

28

the Automatic Stay. In addition, Movant claims that there is no equity under 11 U.S.C. 362(d)(2) and Lack of Equity and protection under 11 U.S.C. 361 and 362(d)(1).

Contrary to Movant's claims, there is equity in the subject property. In addition, Movant has no legal standing to bring this Motion based on evidence produced.

**DEBTOR'S MORTGAGE**

On or about 01/20/2005, Debtor executed a Promissory Note payable to Washington Mutual Bank, FA and a Deed of Trust (the "DOT") securing such Promissory Note.

In 2008, WaMu was having increasingly large mortgage loan losses. It suffered three straight quarters of losses totaling $6.1 billion, and was encountering increasingly difficult market conditions. On September 15, 2008, an outflow of deposits began that reached $16.7 billion in only eight business days. As a result, on September 25, 2008, OTS closed WaMu, finding the bank to have "insufficient liquidity to meet its obligations" and thus to be in an "unsafe and unsound condition to conduct business." OTS appointed FDIC as Receiver on the same day. See OTS Order 2008-36, Exhibit 1.

THE WAMU RECEIVERSHIP AND THE P&A AGREEMENT.

Upon its appointment, FDIC Receiver succeeded to all the rights, titles, powers, privileges, and operations of WaMu with respect to the bank, its assets, and its **valid** obligations. 12 U.S.C. § 1821(d)(2). The powers and duties of FDIC Receiver include the ability to "transfer any asset or liability of the institution in default . . . without any approval, assignment, or consent with respect to such transfer," id. § 1821(d)(2)(G)(i)(II), and to otherwise act in "the best interests of the [failed] depository institution, its depositors, or the [FDIC]," id. § 1821(d)(2)(J).

Immediately following FDIC Receiver's appointment on September 25, 2008, FDIC Receiver accepted JPMC's bid to "purchase substantially all of the assets and assume all deposit and substantially all other liabilities of [WaMu]" in a P&A Agreement designed to transfer the "whole bank." Exhibit 1, P&A Agreement at 1; id. §§ 2.1, 3.1; see id. at 20. As a result of this transaction, JPMC acquired the ongoing banking operations of WaMu, which "consisted of a retail bank network of 2,244 branches, a nationwide credit card lending

business, a multi-family and commercial real estate lending business, and nationwide mortgage banking activities," specifically including WaMu's valuable mortgage servicing rights with respect to hundreds of billions of dollars of residential mortgage loans.

Schedule 3.2 specifically identified the "rights of [WaMu] to provide mortgage servicing for others . . . and related contracts" as assets purchased by JPMC. P&A Agreement at 36. The P&A Agreement also provided that "notwithstanding Section 4.8," JPMC specifically "assumes" (under Section 2.1) and "purchases" (under Section 3.1) "all mortgage servicing rights and obligations of [WaMu]." Id. §§ 2.1, 3.1. Thus, while JPMC generally had the right under Section 4.8 of the P&A Agreement to elect not to assume existing agreements "which provide for the rendering of services by or to [WaMu]," JPMC could not reject any agreements providing for WaMu's mortgage servicing rights and obligations. Id. § 4.8. Consistent with JPMC's irrevocable purchase and assumption of WaMu's mortgage servicing activities, the P&A Agreement required FDIC Receiver to deliver to JPMC "as soon as practicable" all "[l]oan and collateral records and Credit Files and other documents," title records "pertaining to ... real estate mortgages," and other "Records pertaining to the Assets" purchased by JPMC. Id. § 6.1.

THE TRUSTS AND THE GOVERNING AGREEMENTS

DEUTSCHE BANK NATIONAL TRUST COMPANY ("DBNTC") purports to assert breach claims with respect to 127 separate Trusts created between 1992 and 2007, for which DBNTC allegedly served in the capacity of Trustee or Indenture Trustee, and for which WaMu (or subsidiaries, affiliates, or predecessors-in-interest of WaMu) allegedly served as seller, depositor, and servicer[1]. According to DBNTC, the original outstanding balance of the 99 "Primary Trusts" was approximately $165 billion, while the outstanding principal balance of the Primary Trusts at the time of WaMu's closure on September 25, 2008 was approximately $45 billion. DBNTC alleges that the 28 "Secondary Trusts" are trusts through which WaMu "issued mortgage-backed or derivative securities whose performance is dependent, in whole

---

[1] See, Case No. 1:09-cv-01656 (US District Court for the District of Columbia).

or in part, on the performance of the Primary Trusts or of other residential mortgage-backed securities issued by [WaMu]."

## ARGUMENT

### *JPMC DOES NOT HAVE STANDING TO REQUEST RELIEF FROM STAY*

The promissory note was made payable to WAMU. No record document suggests that it has been endorsed to JPMC by FDIC to JPMC or any other named entity. Furthermore, evidence suggested that all WAMU loan was part of the securitization trusts with DBNTC as trustee and holder of the Promissory Note.

The promissory note attached to Movant's motion was a Fixed Rate Note executed on December 8, 2004 for a different address[2]. However, the Adjustable Rate Note attached to the Deed of Trust identified correct property. Furthermore, the Deed of Trust as attached to Movant's Exhibit[3] was not recorded with the County Recorder and has no value.

Stay-relief requests are governed by Fed. R. Bankr. P. 4001(a)(1), to which Fed. R. Bankr. P. 9014 is applicable. Rule 9014, in turn, incorporates Rule 7017, which makes Fed. R. Bankr. P. 17 applicable ("[a]n action must be prosecuted in the name of the real party in interest.";) The standing doctrine "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Kowalski v. Tesmer, 543 U.S. 125, 128-29, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct 2197, 45 L.Ed.2d 343 (1975)). Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. (Valley Forge Christian Coll. v. Am. United for Separation of Church and State, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (citations and internal quotations omitted)). Beyond the Article III requirements of injury in fact, causation, and redressibility, the creditor must also have prudential standing, which is a

---

[2] *See* Movant's Exhibit A Pacer Docket 19, Page 2 – 4. Such note is for property address 22115 Martinez Street, Woodland Hills, CA 91364. The property as SUBJECT PROPERTY is this Motion is 31900 Success Valley Drive, Porterville, CA 93257.
[3] *See* Movant's Exhibit Pacer Docket 19, Page 19-35.

judicially-created set of principles that places limits on the class of persons who may invoke the courts' powers. (Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct 2197, 45 L.Ed.2d 343 (1975)). As a prudential matter, a plaintiff must assert "his own legal interests as the real party in interest". (Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir.2004), as found in Fed.R.Civ.P. 17, which provides "[a]n action must be prosecuted in the name of real party in interest.")

Transfer of mortgage paper may be made outright (sale) or by pledge (as security for a loan to the transferor.). In either event, to perfect the transfer, the transferor should physically deliver the note to the transferee. Without a physical transfer, a sale of the note could be invalided as a fraudulent conveyance (under California Civil Code § 3440), and a transfer in pledge could be invalidated as an unperfected (under Com.Code §§ 9313-9314). (California Mortgages and Deed of Trust, and Foreclosure Litigation, by Roger Bernhardt, Fourth Edition, section 1.26). One without a pecuniary interest in the Mortgage Loan is not an obligee under the debt and, thus, has no legal standing to foreclose *ab initio*. (Watkins v. Bryant (1891) 91 C 492, 27 P 77).

Here, the Note was executed in favor of WAMU. FDIC took over WAMU and sold the mortgage servicing business to JPMC. There is no evidence that FDIC transferred its beneficial interest to JPMC beside the mortgage servicing right. Furthermore, evidence clearing indicated that WAMU no longer had interest in the subject NOTE because its beneficial interest was sold to DBNTC as trustee of securitized trust. Thus, FDIC could not sell to JPMC what WAMU did not have.

### DEBTOR HAS EQUITY IN THE PROPERTY

Debtor's Schedule A and D are inaccurate and has been amended. According to title report from Lawyers Title Insurance Corporation and Fidelity National Title Insurance Company, there is only one mortgage on 01/20/2005 by WAMU in the amount of $300,000.00. A true and correct copy of which is attached herewith as Exhibit 2. Therefore, assuming *arguendo* that JPMC is the holder of the Note; its interest is adequately protected.

//

## CONCLUSION

JPMC does not demonstrate any document to support its claim that it has standing to enforce the promissory note.  Debtor contends that the real party in interest has not come forward and the creditor lacks standing.

DATED: 01/28/2011

Respectfully Submitted;

Gary Harre, Esq.

## OFFICE OF THRIFT SUPERVISION

## <u>Receivership Of A Federal Savings Association</u>

|            |                    |
|------------|--------------------|
| **Date:** | September 25, 2008 |
| **Order No.:** | 2008-36        |
| **OTS No.:** | 08551           |

The Director of the Office of Thrift Supervision (OTS), or his designee, in cooperation with the Federal Deposit Insurance Corporation (FDIC), has determined to appoint the FDIC as receiver of Washington Mutual Bank, Henderson, Nevada (Savings Bank).

## GROUNDS FOR APPOINTMENT OF FDIC AS RECEIVER FOR THE SAVINGS BANK

The Director, or his designee, based upon the administrative record finds and determines the following:

> (i) The Savings Bank is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business; and

> (ii) The Institution is in an unsafe or unsound condition to transact business.

The Savings Bank is a Federally chartered savings bank, the accounts of which are insured by the Deposit Insurance Fund (DIF). The Savings Bank has its home office in Henderson, Nevada. As of June 30, 2008, the Savings Bank reported total assets of $307 billion.

## DISCUSSION OF GROUNDS FOR APPOINTMENT OF A RECEIVER FOR THE SAVINGS BANK

Section 5(d)(2)(A) of the Home Owners' Loan Act (HOLA), 12 U.S.C. § 1464(d)(2)(A), provides that the Director may appoint a receiver for any insured savings association if the Director determines that one or more grounds specified in section 11(c)(5) of the Federal Deposit Insurance Act (FDIA), 12 U.S.C. § 1821(c)(5), exist.

Under section 11(c)(5)(F) of the FDIA, the Director may appoint a receiver if a savings association is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business because it does not have sufficient liquid assets to fund expected withdrawals. The Savings Bank has insufficient cash and liquid assets convertible to cash necessary to pay its obligations and the expected withdrawal demands of its depositors. The Savings Bank has suffered significant cash outflows, exceeding

**Exhibit 1**

$22 billion since July 2008, in part because of adverse publicity. The Savings Bank has limited and diminishing liquidity sources available to it and the current rate of outflow will deplete the Savings Bank's cash resources and liquidity within a short period of time.

Therefore, the Director concludes that the Savings Bank is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business because it does not have sufficient liquid assets to pay those obligations and fund the expected withdrawals.

Under section 11(c)(5)(C) of the FDIA, the Director may appoint a receiver if a savings association is in an unsafe or unsound condition to transact business. The Savings Bank is in an unsafe and unsound condition as a result of its severe liquidity strain, deteriorating asset quality, and continuing significant negative operating earnings with no realistic prospects for raising capital to ensure that it can repay all of its liabilities, including deposits.

The Director, or his designee, therefore, has determined that grounds for the appointment for a receiver for the Savings Bank exist under section 5(d)(2) of the HOLA, and sections 11(c)(5)(C) and (F) of the FDIA, 12 U.S.C. §§ 1821(c)(5)(C) and (F).

## ACTIONS ORDERED OR APPROVED

### Appointment of a Receiver

The Director, or his designee, hereby appoints the FDIC as receiver for the Savings Bank, for the purpose of liquidation, pursuant to section 5(d)(2) of the HOLA, and section 11(c)(6)(B) of the FDIA, 12 U.S.C. § 1821(c)(6)(B).

### Delegation of Authority to Act for OTS

The Director, or his designee, hereby authorizes the OTS West Regional Director, or his designee, and the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to: (i) certify orders; (ii) sign, execute, attest, or certify other documents of OTS issued or authorized by this Order; (iii) designate the persons or entity that will give notice of the appointment of a receiver for the Savings Bank and serve the Savings Bank with a copy of this Order pursuant to 12 C.F.R. § 558.2; and (iv) perform such other functions of OTS necessary or appropriate for implementation of this Order. All documents to be issued under the authority of this Order must be first approved, in form and content, by the Chief Counsel's Office. In addition, the Director, or his designee, hereby authorizes the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to

make any subsequent technical corrections, that might be necessary, to this Order, or any documents issued under the authority of this Order.

By Order of the Director of OTS, effective September 25, 2008.


John M. Reich
Director





## Property Overview

**31900 SUCCESS VALLEY DR, PORTERVILLE, CA, 93257- 9644**

### Owner and Geographic Information



| Primary Owner: | | Secondary Owner: |
|---|---|---|
| GIBBS JAMES C & BARBARA KENTON | | |
| Mail Address: | | 31900 SUCCESS VALLEY DR PORTERVILLE CA 93257 |
| Site Address: | | 31900 SUCCESS VALLEY DR PORTERVILLE CA 93257 |
| APN : 284-470-032 | Lot Number : | Page Grid : |
| Housing Tract Number: | | |
| Legal Description : | | |

### Property Details



| Bedrooms : | Year Built : | Square Feet : |
|---|---|---|
| Bathrooms : | Garage : | Lot Size : 35.41 AC |
| Total Rooms : | Fireplace : | Number of Units : 0 |
| Zoning : | Pool : | Use Code : Agricultural/Rural(General) |

### Sale & Loan



| Transfer Date : | Seller : | |
|---|---|---|
| Transfer Value : N/A | Document # : | Cost/Sq Feet : N/A |

### Assessment & Taxes



| Assessed Value : $350,000 | Percent Improvement : 42.86% | Homeowner Exemption : H |
|---|---|---|
| Land Value : $200,000 | Tax Amount : $3,570.24 | Tax Rate Area : 64-001 |
| Improvement Value : $150,000 | Tax Status : | Tax Account ID : |
| Market Improvement Value : | Market Land Value : | Market Value : |

Offered by Fidelity National Title Company
All information produced is deemed reliable but is not guaranteed.





 **Property History**      31900 SUCCESS VALLEY DR, PORTERVILLE, CA, 93257- 9644

## Foreclosure Record

| | | | |
|---|---|---|---|
| **Recording Date** | 10/27/2010 | **Document #** | 2010-0066038 BK-PG - |
| **Document Type** | Notice of Default | | |
| **Beneficiary Name** | WASHINGTON MUTUAL BANK FA | | |
| **Trustor Names** | GIBBS, JAMES C | | |
| **Trustee Name** | CALIFORNIA RECONVEYANCE COMPANY | | |
| **Mailing Address** | 9200 OAKDALE AVE, CHATSWORTH, CA 91311- | | |
| **Trustee Phone #** | 800-892-6902 | | |
| **TS#** | 245407CA | **Loan Doc #** | 2005-0005802 |
| **Loan Date** | 01/20/2005 | **Loan Amount** | $300,000 |
| **Contact Name** | JPMORGAN CHASE BANK NATIONAL ASSOCIATION | **Attention** | |
| **Mailing Address** | 7301 BAYMEADOWS WAY, JACKSONVILLE, FL 32256- | | |
| **Legal Description :** | | | |

## Prior Transfer

| | | | |
|---|---|---|---|
| **Recording Date** | 10/12/2005 | **Document #** | 2005-0113118 BK-PG - |
| **Price** | N/A | **Document Type** | Intrafamily Transfer or Dissolution |
| **First TD** | N/A | **Type of Sale** | Non-Arms Length Transfer |
| **Mortgage Doc #** | | **Interest Rate** | |
| **Lender Name** | | | |
| **Buyer Name** | GIBBS, JAMES C; GIBBS, BARBARA KENTON | **Seller Name** | GIBBS, JAMES C |
| **Buyer Vesting** | Joint Tenancy | | |
| **Legal Description :** Map Ref: PM1931 MB20 PG32 Abbreviated Description: W2 NE4 SW4 & E2 NW4 SW4 SEC29 TWP21S RNG29E MDB&M EXC THEREFROM POR E2 NW4 SW4 | | | |

## Prior Transfer

| | | | |
|---|---|---|---|
| **Recording Date** | 01/20/2005 | **Document #** | 2005-0005801 BK-PG - |
| **Price** | N/A | **Document Type** | Intrafamily Transfer or Dissolution |

| First TD | N/A | Type of Sale | Non-Arms Length Transfer |
|---|---|---|---|
| Mortgage Doc # | | Interest Rate | |
| Lender Name | | | |
| Buyer Name | GIBBS, JAMES C | Seller Name | GIBBS, BARBARA KENTON |
| Buyer Vesting | Married Man as his sole and separate property | | |
| Legal Description : Abbreviated Description: W2 NE4 SW4 & E2 NW4 SW4 SEC29 TWP21S RNG29E MDB&M EXC THEREFROM POR E2 NW4 SW4 SD SEC29 LYG W E LN P | | | |

Offered by Fidelity National Title Company
All information produced is deemed reliable but is not guaranteed.





## Prior Transfer

| Recording Date | 01/20/2005 | Document # | 2005-0005800 BK-PG - |
|---|---|---|---|
| Price | $500,000 | Document Type | Grant Deed |
| First TD | $300,000 | Type of Sale | Full-Computed from Transfer Tax |
| Mortgage Doc # | 2005-0005802 | Interest Rate | 5.62% |
| Lender Name | WASHINGTON MUTUAL BANK FA | | |
| Buyer Name | GIBBS, JAMES C | Seller Name | THE J W S CORP, |
| Buyer Vesting | Married Man as his sole and separate property | | |
| Fixed Step | | | |
| Adjustable Rate Index | Twelve Month Average | Change Index | 2.6% |
| Rate Change Frequency | Monthly | First Change Date | 02/01/2010 |
| Int Rate not < | | Int Rate not > | |
| Maximum Interest Rate | 11.95% | Interest Only Period | |
| Prepayment Penalty Rider | No | Prepayment Penalty Term | |
| Legal Description : Abbreviated Description: W2 NE4 SW4 & E2 NW4 SW4 SEC29 TWP21S RNG29E MDB&M EXC THEREFROM POR E2 NW4 SW4 SD SEC29 LYG W E LN P | | | |

Offered by Fidelity National Title Company
All information produced is deemed reliable but is not guaranteed.





**Offered by Fidelity National Title Company**
All information produced is deemed reliable but is not guaranteed.







| GIBBS JAMES C & BARBARA KENTON |
| :---: |
| 31900 SUCCESS VALLEY DR, PORTERVILLE 93257-9644 |
| APN: 284-470-032   TULARE COUNTY |

| Year Built : | Square Feet : | Lot : 35 AC | Bld/Area : 0SF | Pool : | RM/BR/Bth : // |
| --- | --- | --- | --- | --- | --- |

| # | Address | Date | Price | $/SF | Bld/Area | RM/BR/Bth | YB | Lot | Pool | Proxim. |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Offered by Fidelity National Title Company
All information produced is deemed reliable but is not guaranteed.



Exhibit 2



| | | |
|---|---|---|
| **Primary Owner:** | GIBBS JAMES C & BARBARA KENTON | |
| **Secondary Owner:** | | |
| **Mail Address:** | 31900 SUCCESS VALLEY DR | |
| | PORTERVILLE CA 93257 | |
| **Site Address:** | 31900 SUCCESS VALLEY DR | |
| | PORTERVILLE CA 93257 | |
| **County:** | TULARE | |
| **Assessor Parcel Number:** | 284-470-032 | |
| **Housing Tract Number:** | | |
| **Lot Number:** | | |
| **Page Grid:** | | |
| **Legal Description:** | | |

### Property Characteristics

| | | |
|---|---|---|
| Bedrooms : | Year Built : | Square Feet : |
| Bathrooms : | Garage : | Lot Size : 35.41 AC |
| Total Rooms : | Fireplace : | Number of Units : 0 |
| Zoning : | Pool : | Use Code : Agricultural/Rural(General) |
| No of Stories : | | |
| Building Style : | | |

### Sale Information

| | | |
|---|---|---|
| Transfer Date : | Seller : | |
| Transfer Value : N/A | Document # : | Cost/Sq Feet : N/A |
| Title Company : | | |

### Assessment & Tax Information

| | | |
|---|---|---|
| Assessed Value : $350,000 | Percent Improvement : 42.86% | Homeowner Exemption : H |
| Land Value : $200,000 | Tax Amount : $3,570.24 | Tax Rate Area : 64-001 |
| Improvement Value : $150,000 | Tax Account ID : | Tax Status : |
| Market Improvement Value : | Market Land Value : | Market Value : |
| Tax Year : 2010 | | |

Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998-111 TitleProfile.com All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

**Lawyer Title - Orange**

**Exhibit 2**



## Subject Property History

**GIBBS JAMES C & BARBARA KENTON**
**31900 SUCCESS VALLEY DR, PORTERVILLE 93257-9644**
**APN: 284-470-032   TULARE COUNTY**

### Foreclosure Record

| | | | |
|---|---|---|---|
| Recording Date | 10/27/2010 | Document # | <u>2010-0066038 BK-PG -</u> |
| Document Type | Notice of Default | | |
| Beneficiary Name: | WASHINGTON MUTUAL BANK FA | | |
| Trustor Names: | GIBBS, JAMES C | | |
| Trustee Name: | CALIFORNIA RECONVEYANCE COMPANY | | |
| Mailing Address: | 9200 OAKDALE AVE, CHATSWORTH, CA 91311- | | |
| Trustee Phone #: | 800-892-6902 | | |
| TS# : | 245407CA | Loan Doc #: | 2005-0005802 |
| Loan Date: | 01/20/2005 | Loan Amount | $300,000 |
| Contact Name: | JPMORGAN CHASE BANK NATIONAL ASSOCIATION | | |
| Attention: | | | |
| Mailing Address: | 7301 BAYMEADOWS WAY, JACKSONVILLE, FL 32256- | | |
| **Legal Description** | | | |

### Prior Transfer

| | | | |
|---|---|---|---|
| Recording Date | 10/12/2005 | Document # | <u>2005-0113118 BK-PG -</u> |
| Price | N/A | Document Type | Intrafamily Transfer or Dissolution |
| First TD | N/A | Type of Sale | Non-Arms Length Transfer |
| Mortgage Doc # | | Interest Rate | |
| Lender Name | | | |
| Buyer Name | GIBBS, JAMES C; GIBBS, BARBARA KENTON | | |
| Buyer Vesting | Joint Tenancy | | |
| Seller Name | GIBBS, JAMES C | | |
| **Legal Description** | | | |

Map Ref: PM1931 MB20 PG32
Abbreviated Description: W2 NE4 SW4 & E2 NW4 SW4 SEC29 TWP21S RNG29E MDB&M EXC THEREFROM POR E2 NW4 SW4

### Prior Transfer

| | | | |
|---|---|---|---|
| Recording Date | 01/20/2005 | Document # | <u>2005-0005801 BK-PG -</u> |
| Price | N/A | Document Type | Intrafamily Transfer or Dissolution |
| First TD | N/A | Type of Sale | Non-Arms Length Transfer |
| Mortgage Doc # | | Interest Rate | |
| Lender Name | | | |
| Buyer Name | GIBBS, JAMES C | | |
| Buyer Vesting | Married Man as his sole and separate property | | |
| Seller Name | GIBBS, BARBARA KENTON | | |
| **Legal Description** | | | |

Abbreviated Description: W2 NE4 SW4 & E2 NW4 SW4 SEC29 TWP21S RNG29E MDB&M EXC THEREFROM POR E2 NW4 SW4 SD SEC29 LYG W E LN P

**Exhibit 2**

**Prior Transfer**

| | | | |
|---|---|---|---|
| Recording Date | 01/20/2005 | Document # | 2005-0005800 BK-PG - |
| Price | $500,000 | Document Type | Grant Deed |
| First TD | $300,000 | Type of Sale | Full-Computed from Transfer Tax |
| Mortgage Doc # | 2005-0005802 | Interest Rate | 5.62% |
| Lender Name | WASHINGTON MUTUAL BANK FA | | |
| Buyer Name | GIBBS, JAMES C | | |
| Buyer Vesting | Married Man as his sole and separate property | | |
| Seller Name | THE J W S CORP, | | |
| Fixed Step Adjustable Rate Index | Twelve Month Average | Change Index | 2.6% |
| Rate Change Frequency | Monthly | First Change Date | 02/01/2010 |
| Int Rate not < | | Int Rate not > | |
| Maximum Interest Rate | 11.95% | Interest Only Period | |
| Prepayment Penalty Rider | No | Prepayment Penalty Term | |

**Legal Description**

Abbreviated Description: W2 NE4 SW4 & E2 NW4 SW4 SEC29 TWP21S RNG29E MDB&M EXC THEREFROM POR E2 NW4 SW4 SD SEC29 LYG W E LN P

Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998-111 TitleProfile.com All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

**Lawyer Title – Orange**

3 of 8



Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998-111 TitleProfile.com  All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

**Lawyer Title – Orange**

4 of 8



**GIBBS JAMES C & BARBARA KENTON**
**31900 SUCCESS VALLEY DR, PORTERVILLE 93257-9644**
**APN: 284-470-032   TULARE COUNTY**

---

ESKRIDGE DANA & JACQUELINE
**32610 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-470-033
Bedrooms:                    Bathrooms:
Square Feet:                 Lot Size: 1.6 AC
Year Built:                   Garage:

FLORES RUBEN A & ALICIA
**32012 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-470-004
Bedrooms: 2                  Bathrooms: 2
Square Feet: 1,248 SF        Lot Size: 5.21 AC
Year Built: 1991             Garage:

---

VEHRS ROBERT A & STACY L
**32494 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-470-021
Bedrooms: 3                  Bathrooms: 3
Square Feet: 3,757 SF        Lot Size: 4.87 AC
Year Built: 1987             Garage: G

RODIGER GERALD R (TR)
**31906 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-470-001
Bedrooms:                    Bathrooms:
Square Feet:                 Lot Size: 6.27 AC
Year Built:                   Garage:

---

MAILAND ROBERT C & SALLY R (TRS)
**32540 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-470-020
Bedrooms:                    Bathrooms:
Square Feet:                 Lot Size: 4.87 AC
Year Built:                   Garage:

ROMERO-LOPEZ KIMBERLY M
**32100 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-470-006
Bedrooms:                    Bathrooms:
Square Feet:                 Lot Size: 4.87 AC
Year Built:                   Garage:

---

CATES ROBERT W
**32147 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 914-930-525
Bedrooms:                    Bathrooms:
Square Feet:                 Lot Size:
Year Built:                   Garage:

HIGGINS RICHARD P & MARY A
**32228 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-470-007
Bedrooms: 3                  Bathrooms: 3.5
Square Feet: 2,566 SF        Lot Size: 4.89 AC
Year Built: 1979             Garage:

---

FRAME ALAN E & LEANNA R
**32496 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-470-023
Bedrooms:                    Bathrooms:
Square Feet:                 Lot Size: 4.91 AC
Year Built:                   Garage:

CLINE GARY & BEVERLY
**32722 SUCCESS VALLEY DR # A**
**PORTERVILLE CA 93257**
APN: 284-470-029
Bedrooms: 3                  Bathrooms: 2
Square Feet: 1,443 SF        Lot Size: 5 AC
Year Built: 1974             Garage: C

---

DAVIS BRET D & SHANA L
**31941 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-460-008
Bedrooms:                    Bathrooms:
Square Feet: 2,371 SF        Lot Size: 4.08 AC

HUNSAKER WALTER R & ESTHER J (TRS)
**32029 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-460-009
Bedrooms:                    Bathrooms:
Square Feet:                 Lot Size: 7.18 AC

---

| Year Built: 1936 | Garage: G | Year Built: | Garage: |

CATES DENNIS & SHERRY; DBA DENNIS
CATES TRAP SHOOTING
**32145 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-460-013

| | |
|---|---|
| Bedrooms: 3 | Bathrooms: 2 |
| Square Feet: 1,870 SF | Lot Size: 1.48 AC |
| Year Built: 1964 | Garage: G |

BARTON NEVA DARRELYN (TR)
**32081 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-460-012

| | |
|---|---|
| Bedrooms: | Bathrooms: |
| Square Feet: | Lot Size: 4 AC |
| Year Built: | Garage: |

HASSANSHAHI SUZANNE MARIE
**31883 SUCCESS VALLEY DR**
**PORTERVILLE CA 93257**
APN: 284-460-007

| | |
|---|---|
| Bedrooms: 3 | Bathrooms: 2 |
| Square Feet: 1,765 SF | Lot Size: 4.64 AC |
| Year Built: 1977 | Garage: G |

Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998-111 TitleProfile.com All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

**Lawyer Title – Orange**

**Exhibit 2**





**Lawyer Title - Orange**

Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998-111 TitleProfile.com  All Rights Reserved.

All other trademarks and copyrights are the property of their respective holders.

Exhibit 2