**FILED**

**February 03, 2011**

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003256583

**5**

ERICA T. LOFTIS, #259286
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California 92612
Phone: (949) 252-9400
Facsimile: (949) 252-1032

Attorneys for Movant

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No. 10-64039 |
| JAMES GIBBS, | Docket Control No. ETL-1 |
| Debtor. | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and its successors and/or assignees, | Chapter 7 |
| Movant, | HEARING DATE: |
| vs. | DATE: March 1, 2011<br>TIME: 1:30 p.m.<br>CTRM: 11 |
| JAMES GIBBS, Debtor, and SHERYL STRAIN, Trustee, | |
| Respondents. | |

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY (35572 TULE RIVER DRIVE, SPRINGVILLE, CA 93265); MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE**

TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and its successors and/or assignees ("JPMORGAN CHASE BANK, NATIONAL ASSOCIATION"), hereby moves

this Court for an order terminating the automatic stay of 11 U.S.C. §362 as to Movant in the above-entitled and numbered case so that Movant may commence and continue acts necessary to enforce its security interest in real property commonly known as 35572 TULE RIVER DRIVE, SPRINGVILLE, CA 93265.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION requests relief from stay in the above numbered Chapter 7 case because there is no equity in the Property to benefit the Debtor or the estate and Movant's interest is not protected by an adequate equity cushion.

This Motion is based upon the attached Declaration and the Memorandum of Points and Authorities attached hereto, as well as upon the documents filed in support of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTORY STATEMENT

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION requests the Court to grant it relief from the automatic stay because there is no equity in the Property to benefit the Debtor or the estate and Movant's interest is not protected by an adequate equity cushion.

### II.

### STATEMENT OF FACTS

1. **The Secured Debt.** On or about April 17, 2006, JAMES GIBBS made and delivered a Promissory Note in the original principal amount of $129,500.00, secured by a First Priority Deed of Trust on the Property commonly known as 35572 TULE RIVER DRIVE, SPRINGVILLE, CA 93265 ("Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "1" and "2," respectively.

2. **The Default Under The Note.** The Note and Deed of Trust are contractually due for the February 1, 2010 payment. As a result of the default, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION desires to record a Notice of Default and Election To Sell against the Property. The total delinquency under the Note is set forth in detail on Exhibit "3" to the Motion.

///

3.  **The Debtor's Interest In The Property.**  The Debtor is the owner of record of the Property.

4.  **The Filing Of The Instant Petition.**  On or about December 03, 2010, JAMES GIBBS filed the instant Chapter 7 Petition as Case No. 10-64039.

5.  **The Total Indebtedness Under The Note.**  The total indebtedness owed to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, exclusive of attorneys' fees, is as follows:

| | | |
|---|---|---|
| Principal Balance: | $ | 124,310.05 |
| Interest Accrued from January 1, 2010 to January 8, 2011 | $ | 9,026.94 |
| Escrow Advance: | $ | 4,834.15 |
| Late Charges: | $ | 479.82 |
| Other Fees Due: | $ | 21.70 |
| Recoverable Balance: | $ | 476.00 |
| **TOTAL:** | $ | **139,148.66** |

6.  **The Total Liens On The Property.**  The Property is encumbered by the following liens:

| SECURED CREDITOR | | LIEN AMOUNT |
|---|---|---|
| 1.   JPMORGAN   CHASE   BANK,   NATIONAL ASSOCIATION (1st trust deed) | $ | 139,148.66 |
| **TOTAL** | $ | **139,148.66** |

7.  **The Value Of The Property.**  By the Debtor's own admission, the Property has a fair market value of only $100,000.00.  Accordingly, there is no equity in the Property to benefit the Debtor or the estate.  True and correct copies of the Debtor's Schedules A and D are attached hereto as Exhibit "4."

///

///

///

///

## III.

### RELIEF FROM STAY SHOULD BE GRANTED UNDER

### SECTION 362(d)(2) BECAUSE THERE IS NO

### EQUITY IN THE PROPERTY, NOR REORGANIZATION IN EFFECT

The evidence demonstrates that there is no equity in the Property. By the Debtor's own admission, the Property has a fair market value of $100,000.00 while the total indebtedness on the Property is $139,148.66. Based on the foregoing and the liquidation nature of this Chapter 7 proceeding, the stay should be terminated immediately. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION has satisfied its burden under Section 362(d)(2).

## IV.

### RELIEF FROM STAY SHOULD BE GRANTED UNDER

### SECTION 362(d)(1) DUE TO THE LACK OF ADEQUATE PROTECTION FOR

### MOVANT.

The evidence demonstrates that JPMORGAN CHASE BANK, NATIONAL ASSOCIATION is not protected by an adequate protection cushion. By the Debtor's own admission, the Property has a fair market value of $100,000.00 while the total amount owed to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION is $139,148.66. Based on the foregoing, the stay should be terminated immediately. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION has satisfied its burden under Section 362(d)(1).

## V.

### REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION requests that the Court take judicial notice of the following facts:

1.      The Debtor contends that the Property has a fair market value of $100,000.00. See Exhibit "4."

///

///

1

# VI.

# CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow JPMORGAN CHASE BANK, NATIONAL ASSOCIATION to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

DATED: February 2, 2011                    Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation


By: /s/ Erica T. Loftis
    ERICA T. LOFTIS
    Attorneys for Movant